THE MAYOR, ETC., OF SAVANNAH *vs.* DONNELLY.

Where a municipal corporation gave express permission to an individual to open a ditch across a street in the city, in order to connect the water pipes of a private person with the water works belonging to the city, this was in effect the opening of the ditch by the city itself; it was the act of the city, and the latter became liable for any damage which might accrue to any person by reason of the careless and negligent manner in which the work was done. It was the duty of the city to have superintended and overlooked the work which it permitted to be done on its streets, and to have seen that it was done in such manner that no injury should come to passers on the street from defects therein.

December 21, 1883.

Municipal Corporations. Damages. Negligence. Streets and Sidewalks. Before Judge HARDEN. City Court of Savannah. May Term, 1883.

Donnelly brought case against the Mayor, etc., of Savannah to recover damages to himself and his horse, caused by falling into an excavation or ditch on one of the streets of the city. The evidence showed that plaintiff was riding along Bay street, a populous thoroughfare, about seven o'clock P. M., when his horse went into a ditch which had been dug nearly across the street for the purpose of connecting a water main with a private building, and had only been partially filled up; that this ditch had been dug by one Masters, a licensed plumber, under a permission from the health officer of the city, which specified that the work should be completed between sunrise and sunset on September 26, 1882, and that the earth should be well lined when the ditch was closed. The municipal ordinances touching the regulations of the water works and water pipes were introduced, and also testimony to show that Masters had given a bond for the faithful performance of his duty as a plumber, and to show the extent of the injury, which it is unnecessary to set out in detail.

The jury found for the plaintiff $1,500.00. Defendants

moved for a new trial on the ground, among others, that the court refused to charge the request set out in the decision. The motion was overruled, and defendants excepted.

H. C. CUNNINGHAM, for plaintiff in error.

R. R. RICHARDS, for defendant.

BLANDFORD, Justice

Upon the trial of this case, the court was requested by counsel for plaintiffs in error, who were defendants in the case, to charge the jury, " The granting of permission to Masters, to make repairs or improvements in the supply pipe for Dickerson, was lawful and innocent in itself, and cast no obligation on the city to superintend and look after said work, to see that it was properly done; and if said work was in fact carelessly and negligently done, then the city would not be liable for damages, unless notice of the condition of the street was brought home to the city, either actually or constructively," which request the court refused to give in charge to the jury, and this is the main ground of error assigned here.

We think the court did right to refuse this request. The fact that the city authorized and gave express permission to Masters to open a ditch across a street in the city, to connect the water pipes of a private person with water works belonging to the city, was in effect opening the ditch by the city itself. It was the act of the city; and it was liable for any damages which might accrue to any person by reason of the careless and negligent manner in which the work was done. It was the duty of the city to have superintended and overlooked the work which it permitted to be done on its streets, and to have seen to it that the work was done in such a manner that no injury should come to any one passing along the street from any defect in the work. The question of notice, for these reasons, is not in this case.

The charge of the court, upon the whole, was fair and impartial, and contained a full and correct exposition of the law of the case; so the judgment of the court below is affirmed.

Judgment affirmed.