FANNIE V. RUSSELL  Respondent, v. THE VILLAGE OF CANASTOTA, Appellant.

By defendant's charter (Chap. 291, Laws of 1870) its board of trustees are made commissioners of highways, with power to keep its streets and sidewalks " in good order, repair and condition." They are also authorized to compel the owners and occupants of lots in front of which a sidewalk is to be made or repaired to make such improvements, and in case of their neglect so to do, within a reasonable time, they may cause it to be done, and assess the expenses on the owner, etc.  In an action to recover damages for injuries alleged to have been caused by defendant's negligence in omitting to keep a sidewalk in repair, *held*, that a mere service of notice to repair, upon the owner, did not, as matter of law, release defendant from further liability ; it was still its duty to keep the sidewalks in such condition that they might be safely traveled, and, after notice of existing danger, to cause immediate reparation, or, if delay was necessary, by some guard or barrier close the unsafe place against the public, and for an omission to perform this duty with reasonable care and vigilance it was liable.

(Argued March 4, 1885 ; decided March 24, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an

order made July 2, 1883, which affirmed a judgment in favor ✓
of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries
alleged to have been sustained by defendant's negligent omis-
sion to keep one of its sidewalks in repair and in safe con-
dition.

The facts, so far as material, are stated in the opinion.

*Charles Beale* for appellant.    The statute under which the
defendant is incorporated, and by which its powers and duties
are regulated and defined, furnishes the limitation of its
corporate duty and its consequent liability for an omission
of such duty, on the part of its officers and agents.    (2 Kent's
Com. 298; *People* v. *Utica Ins. Co.*, 15 Johns. 208; *Hal-
stead* v. *Mayor, etc.*, 3 N. Y. 430; 1 R. S. 600; *McGuire* v.
*Spencer*, 91 N. Y. 303; Laws of 1870, chap. 291, tit. 3, § 4.)
The liability of the defendant in this case, if it exists at all,
rests upon the negligence of the trustees; and negligence
on their part is predicable only of their omission to cause
or complete the repairs to be made after actual or constructive
notice of the defects which caused the alleged injury.    (*Hart*
v. *City of Brooklyn*, 36 Barb. 226; *Dorlan* v. *Same*, 46 id.
604; *Sweet* v. *Gloversville*, 12 Hun, 302; *Griffin* v. *Mayor,
etc.*, 9 N. Y. 456; *Hume* v. *Same*, 47 id. 639; *Todd* v. *City
of Troy*, 61 id. 506; *Gorham* v. *Trustees of Cooperstown*, 59 N.
Y. 660; *Smith* v. *Mayor, etc.*, 66 id. 295; *McDermott* v. *City of
Kingston*, 19 Hun, 198; Add. on Torts [D. & B.'s ed.], 1312,
1313.)    The evidence in cases of this character must be such as,
if believed, would authorize the jury to find that the injury was
caused solely by the negligence of the defendant.    (*Johnson*
v. *H. R. R. Co.*, 20 N. Y. 73; *Wilds* v. *Same*, 24 id. 433;
*Davis* v. *Same*, 47 id. 400; *Reynolds* v. *N. Y. C. & H. R.
R. R. Co.*, 54 id. 248; *Warner* v. *Same*, 44 id. 471.)    Munici-
pal corporations are not guarantors of the absolute safety of all
persons from injuries by reason of defects or obstructions in
the streets.    (*Gorham* v. *Cooperstown*, 59 N. Y. 660; *Ring*
v. *City of Cohoes*, 77 id. 83.)    The burden of proving such

neglect or omission is always upon the plaintiff, and without such proof no recovery can be had. (*Lamb* v. *R. R. and Trans. Co.*, 46 N. Y. 272 ; *Railroad Co.* v. *Reeves*, 10 Wall. [U. S.] 176 ; *Steam, etc., Co.* v. *Bank*, 4 How. [U. S.] 344.) As no negligence was shown upon which to predicate an action the question became a question of law upon which the court should have ordered a nonsuit and dismissal of the complaint. (*Cleveland* v. *N. J. Steamboat Co.*, 68 N. Y. 306 ; 89 id. 627.)

*G. A. Forbes* for respondent.    The motion for a nonsuit was properly denied for the reason that the plaintiff's case left a fair and full case of negligence, and must have been submitted to the jury, and their verdict is conclusive against defendant. (38 N. Y. 49 ; 79 id. 240, 464 ; 88 id. 13 ; 13 Hun, 589 ; *Hart* v. *H. R. B. Co.*, 80 N. Y. 622 ; *Payne* v. *Troy & B. R. R. Co.*, 83 id. 572 ; *Bills* v. *N. Y. C. R. R. Co.*, 84 id. 10 ; *Nolan* v. *B. C. & N. R. R. Co.*, 87 id. 63 ; *Morrell* v. *Peck,* 88 id. 398 ; 12 Weekly Dig. 215, 369 ; 13 id. 108.)  The fact that plaintiff had previous knowledge that the walk was defective does not *per se* establish negligence on her part.  ( *Weed* v. *Ballston,* 76 N. Y. 329 ; *Niver* v. *Rochester,* id. 619 ; 88 id. 398 ; *Palmer's Case,* 93 id. 7.)  It is the duty of the defendant to keep the streets and sidewalks under its control at all times in a safe condition, and it is liable to a person who has sustained an injury in consequence of its neglect of duty without fault on their part. (*Hutson* v. *Mayor, etc.,* 9 N. Y. 163 ; *Barton* v. *Syracuse,* 36 id. 54 ; *Davenport* v. *Buckman,* 37 id. 568 ; *Requa* v. *Rochester,* 45 id. 129 ; *McCarthy* v. *Syracuse,* 46 id. 194 ; *Gorham* v. *Cooperstown,* 59 id. 660 ; *Todd* v. *Troy,* 61 id. 506 ; *Sewell* v. *Cohoes,* 75 id. 45 ; *Ring* v. *Same,* 77 id. 83 ; *McGuire* v. *Spence,* 91 id. 303 ; *Village of Ithaca Case,* 94 id. 27 ; Shearm. & Redf. on Negligence, §§ 123, 126 ; *Ellison* v. *Village of Lowville,* 7 Lans. 434 ; *Wilson* v. *City of Watertown,* 3 Hun, 508 ; *Peach* v. *City of Utica,* 10 id. 477 ; *Kock* v. *Village of Edgewater,* 18 id. 407.) Defendant was bound to see that the sidewalk was repaired in

a skillful manner. (*Saulsbury* v. *Ithaca*, 24 Hun, 12 ; *R. W. L. Co.* v. *Rochester*, 3 N. Y. 464 ; *Lloyd* v. *Mayor, etc.*, 5 id. 369 ; *McCarthy* v. *Syracuse*, 46 id. 194.) Notice is presumed from the existence of the defect for such a reasonable time as would enable defendant's officers to discover the same. (45 N. Y. 129 ; 46 id. 194 ; 55 id. 667 ; 61 id. 506 ; 76 id. 620 ; id. 336 ; *Davenport* v. *Ruckham*, 16 Abb. 341 ; 16 N. Y. Weekly Dig. 188, *n.* 8.) Notice of four or five days is sufficient. (10 Weekly Dig. 561 ; *Eggleston* v. *President, etc., of C. T. Road*, 82 N. Y. 278.) Whether the sidewalk was dangerous or the defendant negligent, also whether the plaintiff contributed, were questions of fact for the jury. (Shearm. & Redf. on Negligence, § 219 ; *Palmer's Case*, 93 N. Y. 7 ; *Darling* v. *Mayor etc.*, 18 Hun, 340 ; 11 Weekly Dig. 71.)

DANFORTH, J. The plaintiff brought this action to recover for personal injuries received by her in consequence of a defective sidewalk on one of the defendant's streets. Upon trial before a jury she had a verdict of $1,500, which was approved both at Special and General Terms, and from the judgment in her favor, the defendant appeals.

The broad proposition of the learned counsel for the appellant is that no cause of action was proven. There was, however, some conflict in the evidence, and the case was submitted to the jury in a manner which not only gave rise to no objection or exception on the defendant's part, but induced its counsel to express satisfaction with the rules laid down for their guidance. The point above stated, therefore, presents the principal question in the case. It appeared that about eight o'clock on the morning of the 13th of June, 1881, the plaintiff left her residence on the corner of Hickory and Peterboro streets, to go to her place of business. On her way she called at the house of Dr. Stevens, on the east side of Peterboro street, and soon after leaving, while passing along the sidewalk in front of his premises, or those adjoining, she saw Mr. B. coming from the opposite direction on the same sidewalk, and just as they met and each was turning out so that the other could pass,

he stepped on one end of a loose board in the walk, the other end flew up and caught her foot just as she was going to step forward, so that she was tripped, and fell her whole length flat upon the sidewalk. She received serious external and internal injuries. It appeared that the walk was laid on three sleepers, one on each side and one in the center, running longitudinally, and which, at this time, were so rotten that they would not hold nails; that many boards were decayed, some broken, others out of place, others gone entirely, some loose, " so that," as a witness says, " if you stepped on one end of them the other would fly up." Many witnesses testified that this was the condition of the walk from April down to the time of the accident. It was so bad for such a length of time, and known to so many persons that the officers of the defendant might be presumed to have had the same knowledge. But in addition to this presumptive notice, it was proven that the village authorities had actual knowledge of the defects on this walk as early as April. At that time the trustees inspected the village streets and entered in their book a description of property where sidewalks were out of repair, and the names of the owners or occupants. Among others they placed on it the Ballou lot, of about seventy-five feet front, and the Elder lot, several hundred feet in width, of which, one Stevens was the occupant. Opposite Elder's name was entered as the portion to be repaired, " front of driveway, house and front of yard," and the clerk who had the book, interpreted the entry as meaning " that the walk in front and along the premises was to be repaired."

The defect at the Ballou place is noted as " the whole length of the lot." These were adjoining premises on the east side of Peterboro street, and at some point upon them near the dividing line the accident seems to have taken place. The book was delivered by the trustees to the clerk, and he, in pursuance of their directions, served a printed notice on Mrs. Ballou on the 23d day of April, 1881, in substance requesting her to repair the sidewalk in front of her premises above referred to, and stating that in case of neglect to do so within fifteen days thereafter, " the trustees of the village would cause such repairs

to be made, and the expense charged against her, or the aforesaid lot and land."

Elder and his wife were out of the State between the 23d of April and the 1st of May. A verbal notice to repair the walk in front of the Elder lot was given to Stevens its occupant, and on the 7th of June, 1881, a printed notice, similar in all respects to the one above described, was served on him.

At the close of the evidence the learned counsel for the defendant asked the trial judge to nonsuit the plaintiff, upon the ground (so far as material to our present inquiry), that "the officers of the defendant had discharged their duty under the law and by-laws relating to the corporation, in giving the notices to the owners or occupants of these premises and in causing the repairs to be made." In view of the evidence already referred to, this request was properly denied, for it tended to show that the sidewalks continued in need of repairs, and were defective, and in a dangerous condition down to the very time of the accident. At least the court could not hold as matter of law, that the defendant's duty in respect to them had been performed.

But upon this appeal the defendant's contention goes much further. He claims that a compliance with the requirements of the statute (Laws of 1870, chap. 291), under which the defendant was incorporated, in "the service of the notice relieved the village from all responsibity during the running of the prescribed time given for the repairs to be made, and the delay of the person so served would in nowise be charged as evidence of negligence on part of defendant or its officers."

It is not clear to us whether the accident happened in front of the Elder lot, or that of Ballou, and as the notices were not served at the same time, different considerations might apply. If it occurred in front of the Ballou lot, we have the case of a notice served on the 23d of April, and running out in fifteen days thereafter, during which time the accident did not happen. If it was in front of the Elder lot, the written notice was served on the 7th of June, and the accident did happen within the fifteen days. Does the statute referred to (Laws of 1870, *supra*) justify the construction contended for in either case?

The village is declared to be a separate highway district, under the superintendence of its board of trustees, who are made commissioners of highways, with power over its streets and sidewalks, and " to keep the same in good order, repair and condition." They are also authorized to make ordinances and by-laws for certain purposes, and among others, to keep the streets in good order and to improve the sidewalks, and by section 4 they have the power to compel the owners and occupants of land or lots in front of which a sidewalk is to be made or repaired, to make such improvements upon the sidewalk, and in case they shall neglect " to complete the required improvement within such reasonable time as shall be required by the trustees," they may cause it to be made and assess the expenses on the owner, etc. It cannot be said, as matter of law, that the mere service of the notice released the defendant from any further responsibility for injuries resulting from the unsafe condition of the street or sidewalk. It was still their duty to keep them in such condition that they might be safely traveled, and, after notice of existing danger, cause immediate reparation, or, if delay was necessary, then, by some guard or barrier, close it against the public, so that no harm should happen from the repair being delayed. (*McMahon* v. *Second Ave. Railroad Co.*, 75 N. Y. 231.) They remained at all times under the obligation to secure the safety of the traveler, and whether this duty was performed with reasonable care and vigilance could only be determined as a matter of fact, in view of all the circumstances. The instructions to the jury embraced these questions, and they were told that the defendant was not liable if there had been no negligence on its part or its officers; that negligence could not be imputed in the absence of notice of the dangerous condition of the walk for a sufficient time to secure its reparation; that without this notice there could be no recovery, and at the request of the defendant's counsel, that " before the plaintiff is entitled to a verdict, they must find, from the evidence, that the injury was solely a result of the defendant's negligence." This request, and the charge in pursuance of it, must be considered in the light of all the evi-

dence, and that related as well to the proceedings of the defendant to put the lot-owner in motion as to the condition of the walk, and the conduct of the defendant in regard thereto. If more specific instructions were desired, they should have been asked for. The jury might well have found that it was the duty of the defendant to see to it that the notices were complied with, that the notice to Stevens of the 7th of June was not given in due season, or that its limit was too extended.

It cannot be decided, as a legal proposition, that if the trustees saw fit to delegate their authority to the lot-owner, they could, by that act, relieve themselves from the duty of supervision or liability for his negligence or their own omission to take the necessary steps to accomplish the object to which their attention had been called, by immediate reparation or a resort to the proceedings pointed out in the act to compel owners to make the improvement.

The trust imposed upon municipal authorities in respect to streets and sidewalks is an important one. It seems, in this case, to have been so far disregarded as to endanger the public safety, and no error was committed in leaving it to the jury as one in which they might so find, either upon the ground of direct and actual negligence, or the omission to put in force the instrumentalities which the statute provided.

We have examined the other questions submitted by the learned counsel for the appellant, but can discover no reason why the judgment upon the verdict should not be affirmed.

All concur; Finch, J., in result.

Judgment affirmed.