## BAUER *v.* CITY OF ROCHESTER.

*(Supreme Court, General Term, Fifth Department.   January 24, 1891.)*

MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN STREET—INDEPENDENT CONTRACTORS.

In an action against a city for personal injuries, it appeared that the contractor, to whom defendant had let the contract for improving a street, had piled materials which he was using in making the improvement in the street, but neglected to place warning lights thereon at night. The obstruction had been in the street for some time, and it was known to be there by the employe of defendant who had charge of the improvement. Plaintiff, while driving along the street at night, ran against the obstruction, and was injured. *Held*, that it was error to grant a nonsuit, either on the ground that plaintiff's only remedy was against the contractor or that there was no proof of negligence on the part of defendant.

Exceptions from circuit court, Monroe county.

Action by Joseph Bauer against the city of Rochester for personal injuries caused by obstructions in defendant's street. A nonsuit was granted on defendant's motion, and plaintiff moves for a new trial on a case and exceptions ordered to be heard, in the first instance, at general term.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*John A. Barhite,* for plaintiff.   *H. J. Sullivan,* for defendant.

CORLETT, J.   Pearl street in the city of Rochester runs east and west, and South Goodman street, north and south.   On the 1st day of May, 1888, the following resolution was adopted by the common council of the city of Rochester: "That the city surveyor ascertain and report to this council the expense of constructing a gravel road-way with Medina stone curbs and Oliver's Portland cement sidewalks on a portion of South Goodman street."   The surveyor submitted a report that the expense would be $4,725.   Such proceedings were afterwards had that, on the 15th day of May, 1888, the council, by resolution, directed: "The construction of a gravel road-way on South Goodman street, from the south line of the cross-walk on the south side of Monroe avenue to the north line of the cross-walk on the north side of Pearl street, with Medina stone curb lines on each side, fifteen (15) feet from and parallel to the medial line of South Goodman street, aforesaid, within the terminal limits named, with additional Medina stone gutters, three (3) feet pavements, the construction of new, and the cleaning, repairing, and extension of existing surface sewers, where required; also, the construction of Oliver's Portland cement sidewalks, five (5) feet wide on each side, within the terminal limits aforesaid, except where flag sidewalks of approved quality, and of the specified width, and on proper grades and alignments, now exist, but where the sidewalks are of approved quality, but are not of the required grades and alignments, they may, in the discretion of the city surveyor, be taken up, and relaid on the grades and alignments that he may establish; also, the construction of the required cross-walks."   The council let the contract to make the improvements to Marvin & Hartung, for the sum estimated by the surveyor. The improvements were commenced and completed.

Peter Cullen, a witness for the plaintiff, testified, in substance, that he was employed by the city of Rochester to take charge of the above improvements. He testified that the street was filled in more than dug out; that in places the road-bed was excavated, and the materials excavated put in lower places; that

six or seven hundred loads of dirt were drawn to fill up the street; that there was a pile of stone placed for construction purposes at the corner of South Goodman and Pearl streets; that it did not occupy very much of the road, and would not necessarily discommode travel; that it was paving stone drawn for use in the improvements; that the pile of stone must have been there some time before the accident occurred; that it was being used, and decreased from day to day as the work progressed. The evidence also showed that the improvements were paid for by the city. The above pile of paving-stone, on the night in question, extended about half-way across the street. It was about two feet in width. From that point, a plank extended from the pile of stones to a barrel on the opposite side of the street. On that evening, a little before 8 o'clock, the plaintiff left his home on Seventh avenue in the north-eastern part of the city, and went near South Goodman street, and bought a horse, which he hitched to his wagon in the place of the other. He drove the wagon, and led the other horse until he reached the pile of stones which caused the horse to stumble and fall, throwing the plaintiff out and inflicting severe injuries. The night was very dark, and there were no lamps at the time near enough to show this obstruction. It appeared that the plaintiff did not travel on Goodman street when he went to get the horse. The plaintiff brought this action against the city to recover damages. Issue was joined, and, in June, 1890, the cause was tried. At the close of the plaintiff's case, the defendant moved for a nonsuit, upon the ground that the negligence, if any, was that of the contractor, and not of the city, and that the city was not liable for the acts of the contractor; also upon the ground that no negligence had been proved against the city. The motion was granted, and the exceptions ordered to be heard here in the first instance. No opinion was written by the trial justice. The sole question before this court is whether the plaintiff was properly nonsuited.

In *Pettengill* v. *City of Yonkers*, 116 N. Y. 558, 22 N. E. Rep. 1095, it was held to be the duty of a municipal corporation to keep its streets in a safe condition for public travel, and it was bound to exercise reasonable diligence to accomplish that end, and that this is equally true, whether the obstruction rendering travel unsafe is caused by a third person or the corporation. It was further held that, where improvements were being made on the streets, the city should so guard them as to protect travelers, and that it was not absolved from liability from the fact that the obstruction was caused by a contractor with the city, even though, by his contract, he was bound to properly guard it, or place warning lights. It was further held that a person using the streets is not required to be vigilant in discovering obstructions; that he may walk or drive by day or night, relying upon the assumption that the corporation has performed its duty. To the same effect are all the cases. *Turner* v. *City of Newburgh*, 109 N. Y. 301, 16 N. E. Rep. 344; *Nelson* v. *Village of Canisteo*, 100 N. Y. 89, 2 N. E. Rep. 473; *Russell* v. *Village of Canastota*, 98 N. Y. 496; *Nims* v. *Mayor, etc., of Troy*, 59 N. Y. 500. In *Brusso* v. *City of Buffalo*, 90 N. Y. 679, it was held that the city was liable, although the improvements were being made by a contractor under the direction of a department of the city government. In *Dressell* v. *City of Kingston*, 32 Hun. 533–535, it was held that, where the injury is inflicted by the negligent acts of workmen, over which the city had no control, it will not ordinarily be liable; but where the work is properly performed, and the materials placed where they should be for construction purposes in a street or highway, the city is liable. *Storrs* v. *City of Utica*, 17 N. Y. 104. The distinction is illustrated in *Herrington* v. *Village of Lansingburgh*, 110 N. Y. 145, 17 N. E. Rep. 728. There the injury was caused by a blast fired by the contractors. The court held that the city was not liable for the culpable, negligent act of the contractor in blasting; that, before firing, the contractors should have given notice, but that this duty did not devolve upon the city. In the case

at bar, it is not alleged or claimed that the contractors were guilty of negligence in placing the pile of stone were it was. In the performance of their contract with the city, so far as appears, it was proper for the contractors to pile the stone where they did. The case was not disposed of on the trial, upon the ground that the pile was improperly there. So far as appears, it was just where it should be. The difficulty was there was no light or guards to notify or prevent injury to a traveler who came in contact with the pile. It is obvious that the defendant's contention that the plaintiff cannot recover, because the stones were not piled upon the portion of the street being improved, cannot be sustained. The stones were placed proximate, at a convenient place near the portion of the street improved. That fact did not relieve the city from the performance of its duty, nor was it claimed on the trial that the stones were not properly placed for convenient use in making the improvements. It is urged by the learned counsel for the defendant that the stone had not been there a sufficient length of time to charge the city with notice. But the work was under the direction of a servant of the city, and the evidence tends to show that the stone had been there a long time, being diminished by use as the work progressed. It being the duty of the city to exercise vigilance in the care of its streets, when it let the contract for these repairs, it must be assumed that it had knowledge of the manner in which they should be made, and the materials which would be used, and that some of them might be placed in the street. The person who had charge of the supervision for the city made no complaint, so far as appears, because of an improper placing of any of the materials, and he had full knowledge of where they were. Under these circumstances, there was sufficient evidence to charge the city with knowledge of the obstruction. It was its duty to have such safeguards and lights as would protect travelers from accident and injury. It does not appear whether the nonsuit was granted because the only remedy was against the contractors, or because of want of proof of negligence on the part of the city. But the plaintiff should not have been nonsuited upon either ground. The evidence required a submission of the case to the jury. A new trial must be granted, with costs to abide the event. All concur.