THE CITY COUNCIL OF AUGUSTA *v.* CONE *et ux.*

The declaration set forth a cause of action, and there was no error in overruling the demurrer.

June 5, 1893.

Before Judge EVE.   City court of Richmond county. November term, 1892.

JOHN S. DAVIDSON, for plaintiff in error.
W. K. MILLER and F. H. MILLER, Jr., *contra.*

SIMMONS, Justice.

Cone and his wife sued the city of Augusta for damages from personal injuries. The defendant demurred generally to the declaration, on the ground that it set forth no cause of action. The case comes to this court upon exceptions to the overruling of the demurrer. The declaration alleges, in substance, that on May 4th, 1892, Mrs. Cone, while walking on the sidewalk in a certain street of the city, in the exercise of due care and diligence, was injured without fault on her part, by falling into a hole or trench which on that day had been dug by a licensed plumber employed by one Connelly in order to put in a water main from the street, under and across the sidewalk, into his (Connelly's) premises, the plumber and Connelly acting under a special license granted the latter therefor, April 28th, 1892, by the city

council; that the ordinances of the city council, relative to the duties of plumbers and other persons acting under licenses for the purposes aforesaid, require that danger signals shall be placed at an excavation made for such work and that the same shall be covered when not being actually worked upon (a copy of such ordinances being annexed to and made a part of such declaration); that this hole or trench was left open thirty minutes while no work was going on, during which time Mrs. Cone fell in; that the accident was due to and caused by the carelessness and negligence of the defendant and its licensees, in that no warning was given her of the excavation, no ropes, red flags or danger signals placed at the trench to warn pedestrians, and no cover put across the same over which they could walk without danger; that the excavation had existed long enough to put the defendant on notice thereof and of its danger to pedestrians; "that said sidewalk was perfectly safe and in repair before said excavation was made by the positive misfeasance of the said city and its said licensees, by whom the said sidewalk was left unsafe for travel thereon by the public in the way and manner in which sidewalks are generally used, said excavation or trench across said sidewalk having been done by the direct permission of the said City Council of Augusta, which knew of its progress on the day aforesaid as being done under the license issued as aforesaid." There were also allegations as to the nature of the injury and the loss of service to the husband. The ordinance attached provided that excavations for a pump or other like work should be securely covered at all times when persons were not at work therein, and whenever any one should make an excavation in any street, lane or alley, for building sewers, drains, laying pipe or other similar structure or work, he should place in the daytime red flags at every forty feet of excavation, and at night a lighted lamp at

every forty feet; that the street mains were to be tapped exclusively by licensed plumbers under the direction of the inspector and collector, who should see that all such work was properly done; that in laying service pipes for water, pavements of the sidewalks might be taken up but must be relaid immediately and made as good as before they were disturbed, and for any violation of this rule, resulting in damage to any person, the person offending should be punished by a fine of not exceeding $100; that the plumbers should not lay any pipe without a regular permit signed by the inspector and collector of water rents, etc.

We think this declaration sufficiently sets forth a cause of action. The main objection of counsel for the plaintiff in error was to the insufficiency, as he contended, of the allegation as to notice to the defendant of the unsafe condition alleged to exist at the time of the injury. Under the decision of this court in the case of *Mayor etc. of Savannah* v. *Donnelly*, 71 *Ga.* 258, no notice of such condition was necessary in order to charge the city with liability. The declaration alleges special permission from the city council to do this particular work, and knowledge of its progress on the day in question, and the ordinance requires that a certain officer of the city shall exercise supervision over the work and see that it is properly done. This being so, the city became liable for any damage which might accrue to any person by reason of the careless and negligent manner in which the work was done. Jones, Neg. Municip. Corp. §81; 2 Dillon, Municip. Corp. (4 ed.) §§1024, 1027; Cleveland v. King, 132 U. S. Rep. 295; Stephens v. City of Macon, 83 Mo. 345; Wendell v. Mayor etc. of Troy, 4 Keyes (N. Y.), 261; City of Omaha v. Jensen, 52 N. W. (Neb.) 833 (2).    *Judgment affirmed.*