Frederick F. Hoyer, Respondent, *v.* The Village of North Tonawanda, Appellant.

*Duty of trustees of a village in regard to its streets — notice of the defective condition thereof — negligence — care required of a person driving in a village street.*

It is the duty of the trustees of a village, to the public, to exercise care for the protection of those travelling upon the streets of such village, and the fact that such trustees presumed that a street railway company, which was engaged in tearing up the streets under a franchise, would properly guard its work in so far as it was dangerous to the public, does not necessarily excuse such trustees from the reasonable care and vigilance which their duty to the public imposes upon them.

Where the defective condition of a street in a village was not caused by the act of such village through its officers or employees, notice of such defect, express or implied, is requisite to charge the village with negligence in an action brought to recover damages for personal injuries alleged to have been sustained by reason of such defect. When the defective condition of a street is produced by some sudden cause, or by the act of a trespasser, or by some means not anticipated, a reasonable time must elapse in order to raise the implication of notice

to the municipal authorities. After the lapse of such time notice can be implied from the fact that the supervision and care of the streets are within the duties which the authorities are required to observe and exercise, and it may be supposed that those charged with such duty have become cognizant of the situation which requires their attention. What the time requisite to charge a municipal corporation with such notice is, depends upon circumstances.

Where an excavation in the streets of a village is made pursuant to permission given to a street railway company by the trustees of such village, the village is chargeable with knowledge of what is being done by the company in its streets, where the franchise so granted to it permitted the construction of the railway, and is advised of the necessity of providing some means for warning people to avoid the danger of entering the portions of the street for the time being thus rendered unsafe for travel. Whether such village is chargeable with a want of reasonable diligence in not having provided safeguards for the protection of the public at a certain time and place is a question for the jury to determine in an action brought to recover damages for personal injuries alleged to have been sustained by reason of such excavation.

While a person driving along the street of a village is permitted to assume, if nothing appears to indicate the contrary, that he can safely proceed, he is nevertheless required to exercise care to avoid any danger the existence of which under the circumstances he has any reason to apprehend.

A person driving along the street of a village knew that a railroad company was proceeding with the work of constructing its railway in the streets thereof, but had not been advised that it was engaged in such work at a particular place. He had gone over that street the day before, and it was then in good condition. *Held,* in an action brought to recover damages for personal injuries sustained by him by reason of the defective condition of the street, that if the evidence on his part tended to prove that no suitable precautionary means were provided to warn persons not to proceed into the place where the accident happened, the jury was justified in finding that the plaintiff was free from contributory negligence.

APPEAL by the defendant, The Village of North Tonawanda, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 27th day of January, 1894, upon the verdict of a jury rendered after a trial at the Niagara Circuit, and also from an order entered in said clerk's office on the 27th day of January, 1894, denying the defendant's motion for a new trial made upon a case containing exceptions.

*Root, Orton & Baldwin,* for the appellant.

*George W. Cothran,* for the respondent.

BRADLEY, J. :

In the evening of December 9, 1892, the plaintiff's buggy, in which he was riding on Vandervoort street in the village of North Tonawanda, was overturned, and he was thrown out and injured. He charges that his injury was caused by the negligence of the defendant.

The occasion of the accident was an excavation made in the street by the Tonawanda Street Railroad Company, which was proceeding to construct its road in that street. For that purpose the company on the day of the injury had excavated a place for its location there. The plaintiff, not being aware or advised of the situation, drove into the excavation, causing the injury. It was dark, and the evidence on the part of the plaintiff tends to prove that there were no barriers or lights, other than the electric lights at some distance from the place in question, to warn him of the danger.

Upon the subject of lights there was a conflict in the evidence. Witnesses on the part of the defendant testified that there was a red light at the intersection of Thompson and Vandervoort streets, where the plaintiff turned from the former into the latter, and another south on Vandervoort street. The question whether or not such lights were there was one of fact for the jury.

The village authorities had in the spring before granted to the company the franchise to construct its railroad in various streets of the village, including the street in question, and thereafter the company had been engaged in the work of constructing its road. But nothing for that purpose had before that day been done in that particular locality. The jury were by the evidence permitted to find that the condition in which it was left at the close of that day was dangerous to the public travel, and that no suitable guards or means were provided to warn persons driving in the street of the danger.

It is, however, urged that notice of the unsafe condition of the street at the place in question was not imputable to the defendant, and for that reason the exception to the denial of the motion for a nonsuit was well taken.

The trustees knew that the company had been during the summer engaged in tearing up streets in places preparatory to the construction of its railroad; and in the grant of the permit to construct it

some provision was made for supervision of the street committee of the board of trustees. And as to the public the duty was with the latter to exercise care for the protection of the travel upon the streets. The trustees were advised that the work which the company was doing for the purpose of the construction of its road rendered the portions of the streets where they were so engaged unsafe; and that it was essential that some means should be provided as a warning of the danger which otherwise might be encountered by the persons passing over the streets with vehicles.

With a view to that it would not be unreasonable to suppose that they may have deemed it their duty to observe where the company was doing its work, and to take precautionary measures for the safety of travel within the village.

The trustees may have supposed and assumed that the company would do all that was essential to that purpose. But this did not necessarily excuse them from that reasonable care and vigilance which their duty to the public imposed upon them. (*Pettengill* v. *City of Yonkers*, 116 N. Y. 558; *Masterton* v. *Village of Mt. Vernon*, 58 id. 391.)

Inasmuch as the excavation was not the act of the defendant through any of its officers or employees, notice of it, express or implied, was requisite to charge the defendant with negligence. When a defective condition of a street is produced by some sudden cause or by the act of a trespasser, or by some means not anticipated, the lapse of a reasonable time is requisite to raise the implication of notice to the municipal authorities. This, after such time, could be implied from the fact that the supervision and care of the streets are within the duties which they are required to observe and exercise, and then it may be supposed that those charged with such duty have become cognizant of the situation which requires their attention. What time is requisite to charge the municipal corporation with such notice is dependent upon circumstances.

In the present case excavation in the streets in the manner and for the purpose which it was done by the railroad company was made pursuant to the permission given by the defendant. The latter, therefore, was chargeable with knowledge of what was being done by the company in the streets where the franchise so granted to it permitted the construction of the railroad, and was advised of the

necessity of providing some means for warning people to avoid the danger of entering the portions of the street thus for the time being rendered unsafe for travel.

And whether the defendant was chargeable with a want of reasonable diligence in not having seen to it that safeguards were provided for the purpose at the time and place in question, and whether the plaintiff's injury was attributable to the negligence of the defendant, were questions for the jury. (*Wendell* v. *Mayor*, 4 Keyes, 261; 4 Abb. Ct. App. Dec. 563; *Hume* v. *Mayor*, 74 N. Y. 264.)

While the plaintiff, if nothing appeared to indicate to the contrary, was permitted to assume that he could safely proceed, he, nevertheless, was required to exercise care to avoid any danger which, under the circumstances, he had any reason to apprehend may have existed. He knew that the company was proceeding with the work of construction of its railroad in the streets, but had not been advised that it was so engaged at the place in question. He went over the street the day before. It was then in good condition. If, as the evidence on his part tended to prove, no suitable precautionary means were provided to warn persons not to proceed into the place of the accident, the jury were permitted to find that the plaintiff was free from contributory negligence, and that his injury was attributable to the negligence of the defendant.

Those facts were properly submitted to the jury.

The judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.