Summers, J.
The contention on the part of the city may he summarized as: That the special finding is in effect that the city had no knowledge or notice other than that of the policeman, and there being no evidence of any facts tending to prove constructive notice that the mortar-board was in a position to endanger the use of the sidewalk, the city was entitled to a judgment in its favor on the special findings.
The circuit court, so it is said by counsel for defendant in error, ruled that notice was not necessary because it was the duty of the city, having given the permit, to see that proper precautions were taken to prevent accidents, and on the trial in the court of common pleas an ordinance of the city authorizing the granting of permits for such use of the streets and prescribing the mode of use and the manner of safeguarding the same was admitted in evidence for the purpose of showing wherein the city had neglected its duty.
That the knowledge of the policeman or notice to him does not make the city liable is ruled in The City of Cleveland v. Payne, 72 Ohio St., 347, so that the principal question for consideration is whether in an action to recover damages, for ■ personal injuries received from an unguarded or unlighted obstruction in a street, it is necessary to prove that the city had knowledge or notice, when the city had given permis *214 sion to occupy a part of the street at the place with material for the construction of a building upon the adjacent property; or, differently stated, whether it is the duty of the city when it gives such permission to see that a nuisance is not created.
In Clark v. Fry, 8 Ohio St., 358, it is ruled:
“1. The right of transit in the use of the public highways is subject to such incidental, temporary, or partial obstructions as manifest necessity requires; and among these are the temporary impediments necessarily occasioned in the building and repair of houses on lots fronting upon the streets of a city, and in the construction of sewers, cellar-drains, etc. These are not invasions, but qualifications, of the right of transit on the public highway; and the limitation on them is, that they must not be unnecessarily and unreasonably interposed or prolonged.
“2. Such temporary obstructions upon the highway, when guarded with due care to prevent danger to the public, and not unnecessarily exténded or continued, are not nuisances, and do not require a license from the municipal authority to legalize them, although suitable regulations by the city authorities, requiring such obstructions to be properly guarded, and to prevent them from being made in.an improper manner, or continued unreasonably, are usual and highly proper. ’ ’
If the regulation of such obstructions is highly proper it would seem unreasonable to hold that a regulation, requiring a permit to be obtained, may be enforced only at the risk of becoming liable in damages for such injuries as may resuit from its abuse; and strange that such regulation is usual.
*215 An examination of the cases will show that it is only when the city is the actor or in cases of license by the city to do an intrinsically dangerous thing in the street and not in cases properly of mere regulation that the city is liable without notice, or is charged with notice by the fact that it gave the permit to do the thing in the street. An ordinance regulating the use of the street for such purposes emanates from the police power of the city and the granting of the permit under it or neglect to enforce its provisions cannot make it civilly liable to an individual in consequence.
Referring to the cases cited by counsel for defendant in error, we observe that Gable v. The City of Toledo, 16 C. C. R., 515, is a case of permission to make a dangerous excavation in the street.
Circleville v. Neuding, 41 Ohio St., 465, and Railroad Co. v. Morey, 47 Ohio St., 207, are cases of dangerous excavations in the street, and are not in point for the reason that the question there decided is, that a party causing a dangerous excavation in a street cannot escape liability on the ground that the work was done by an independent contractor.
The judgment of the circuit court in Hewitt v. The City of Cleveland, 21 C. C. R., 505, is reversed, and that of the court of common pleas affirmed by this court in Cleveland v. Hewitt, 67 Ohio St., 534.
McPherson v. The District of Columbia, 7 Mackey’s, 564, and The Mayor, etc. v. Donnelly, 71 Ga., 258, are cases of excavations in the street.
In Wilson v. City of Watertown, 5 N. Y. Sup. Ct. Rep., 579, a railroad company had been authorized by statute to construct its road across a street with the city’s assent and the company was required to restore the street to its former state. ' The plaintiff *216 sued the city to recover for injuries received from obstructions on the sidewalk placed there by the railroad company and was nonsuited on the ground that the statute made it the duty of the company to restore the street and that this relieved the city of its duty to keep the street safe. The question as to notice was not made, but it is • assumed that notice was necessary. On page 581 it is said: “A municipal corporation may not be liable for an injury caused by a nuisance in a street created without its authority or sanction, of the existence of which it had no notice. But the nonsuit in this case was not put upon that ground, nor does that question arise here, for the reason that there was at least some evidence from which the jury might have been warranted in finding that the defendants had notice of the nuisance which caused the injury to the plaintiff. ’ ’
The- case of The District of Columbia v. Woodbury, 136 U. S., 450, arose out of an excavation in the sidewalk. The opinion is by Mr. Justice Harlan. The instructions to the jury on the trial were given by Cox, J., and Mr. Justice Harlan approves of the following principles which he states were covered the charge:
“3. People must build houses, and, in order to do that it is necessary to excavate for cellars and areas, if needed, and to dig trenches to connect with the water mains, gas pipes and sewers. Nobody has a right to do this without a permit from the authorities, and if any person undertakes to do it without a permit, he would be responsible for any injury resulting; but the District would not be, unless it had the notice already spoken of. If a permit is-granted, as is usually the case, the fact is *217 notice to the authorities that the work is in progress, and then they are charged with the duty of seeing that it is properly conducted.
“4. These works are necessarily dangerous to life and limb, and it is the duty of a person doing the work to protect it against accident to travelers on the street, and the duty of a private person is very much the same as that of the District itself when it is prosecuting an improvement. If a private individual fails to protect the excavation or hole, or whatever it may be, it is the duty of the District authorities to see that it is protected, and they are held responsible that he shall do it, for they were notified that he was going on with the work when he obtained his permit. If the individual himself supplies the protection against danger, then the duty will have been discharged on his part, and that of the District also will have been discharged just the same as in the case of the works being constructed by itself. If, then, by any unforeseen accident or the act of somebody that could not be anticipated, the protection has been removed and new danger supervenes, of course the law about notice applies.”
It is to be noticed that the principles of law there laid down relate to excavations, “works necessarily dangerous. ’ ’
The principles of law given to the jury in King v. Cleveland, 132 U. S., 295, a case of obstructions placed in a street for building purposes, are also approved by Mr. Justice Harlan. The charge to the jury in that case was given by Welker, J., and is reported in King v. Cleveland, 5 Ohio Fed. Dec., 444 (28 Fed. R., 835), and he expressly instructs the jury that the *218 city, notwithstanding it had given permission to occupy a portion of the street with building materials, would not be liable for injuries resulting from a failure to properly barricade or light the obstructions, in the absence of notice, and furthermore that the city having provided in the permit that sufficient lights should be placed to give warning of the obstructions had the right to act upon the assumption that such lights were there. He said: “Without any permit to do so, owners of lots abutting directly on streets in a city like Cleveland have a right to the use of a reasonable or necessary part of the street on which to deposit building materials in the erection of their buildings, and the city could not prevent them from such reasonable use; but they must comply with reasonable requirements made by the city to provide for the safety of persons using the streets.
“Having allowed Mr. Rosenfeld and the contractor, by permits granted in the usual way, to use one-half of the street on which to deposit necessary building materials, with the provision therein as to proper signals, as stated, and such building materials being in the street at the time the plaintiff alleges he received the injury of which he complains, the question arises, what was the duty of the city in seeing that proper guards and proper lights were placed at or near the materials so deposited?
“The principal negligence complained of by the plaintiff is that, being in the night-time, no lights were placed at or near the materials sufficient to warn him of danger as he passed along the street. Having provided in the permits to Rosenfeld and Kostering, the contractor, that in the night-time sufficient lights should be placed by them at or near *219 materials placed and remaining in the street to warn persons passing along of dangerous obstructions, the city had a right to suppose such lights were so placed in the night-time. While it was the general duty of the city to keep its streets in safe condition for the use of persons passing over the same, and liable for injuries caused by its neglect or omission to keep them in repair and reasonably safe, yet in such a case, the basis of the action being negligence, it is not liable for an injury resulting from such negligence unless it had notice or knowledge of the defect that caused the injury before it was sustained ; or, in the absence of express or direct notice, such notice or knowledge may be inferred from facts and circumstances showing that such want of proper lights to denote dangerous obstructions existed for a sufficient period of time, and in such a public and notorious manner, as that the officers representing the city, or those employed by the city for the purpose of removing obstructions in the city, in the exercise of ordinary care and diligence, ought to have known of such want of proper guards in the night-time.
“The city is not an insurer of the absolute safety of persons passing along its streets in the night-time. It is only required to exercise ordinary care for such safety; and, in judging of what would be ordinary care, you are to take into account the great number of streets, and their mileage, contained in the city. If the city, or the officer's or employers representing it, had such notice or knowledge, direct or implied, as I have stated, then it was its duty to see that proper lights in the night-time were , placed at or near the obstructions, such as would be sufficient to warn persons of reasonable and ordinary prudence *220 of the presence of such obstructions; and, failing to do so, it would be liable for injuries resulting from such failure.”
These cases, read in the light of the facts, an excavation in the sidewalk, necessarily dangerous, in the one case, and in the other an obstruction in the street, not necessarily dangerous, consisting of building materials, are not in conflict, arid the present case being one of an obstruction in the street, not necessarily dangerous, we are not required to determine whether Clark v. Fry, supra, in so far as it applies to excavations or obstructions necessarily dangerous is too broad, or whether in a case of permit to the owner of adjacent property to make an excavation in the street for some lawful purpose incident to the use of his property, it would be the duty of the city to see that a nuisance is not created.
To hold that the city may not grant such a permit without assuming the duty of seeing that the obstruction is properly guarded with barriers and lights would require the city to exact from the property owner the expense of doing so, which,, in many cases, would be a hardship on the property owner and an unreasonable regulation; so that, being of the opinion that a permit by a city to use part of the street for the placing of building materials for use in the construction of a building on the adjacent property is a mere regulation of a right of the property owner to make such use of the street and not a license to do an act in the street which but for such license would be illegal or a nuisance, the city by giving such permit is not charged with the duty of seeing that the place is guarded, and will not be liable in damages to a person injured in consequence of the omission to guard such place with barriers or lights unless it *221 had notice express or implied of such omission and after such notice was guilty of negligence.
The judgments of the circuit court and of the court of common pleas are reversed and judgment is entered for the plaintiff in error upon the special findings.
Davis, C. J., Shaitck, Price, Crew and Spear, JJ., concur.