AGNES H. KINSEY v. CITY OF KINSTON et al.

(Filed 2 October, 1907).

**1. Negligence—Sidewalks—Ditches—Warning Signals.**

It is the positive duty of municipal authorities to keep the public streets in a reasonably safe condition for the use of pedestrians. The city is liable in damages to the plaintiff, who, being accustomed to use its sidewalk in going to and from her work, passed in the morning, and, repassing in the evening about 8 o'clock, was injured by falling into a ditch which had been dug across the sidewalk in the intervening time by a contractor for a private person, with notice to and permission of the city, and left without lights, warning signals or signs at, near or upon the ditch.

**2. Same—Sidewalks—Ditches—Permit—Warning Signals—Liability of Owner.**

While a private person is liable to pedestrians for his negligence in permitting a ditch dug across the public sidewalk of the city to remain after nightfall without lights or other warnings, the city is also liable for negligence when, after granting the permit, it fails to exercise proper supervision and inspection.

**3. Same—Permit—Notice—Questions for Court—Knowledge, Expressed, Implied—Character of Work.**

While the question of knowledge upon the part of municipal authorities is usually one to be determined by the jury, when there is no conflict of evidence it is proper in certain cases for the Judge to hold as a question of law that notice was given. When it is admitted that defendant city issued its permit authorizing a private person to dig a ditch across its public sidewalk, its authorities are expressly charged with the knowledge of the character of the work, and its possible dangers to those of the citizens who should use the street, especially after nightfall.

CIVIL ACTION, tried at October, 1906, Special Term of LENOIR Superior Court, before *Webb, J.,* and a jury. The plaintiff sued to recover damages received from falling in a ditch at night, which ditch had been dug during the day of 4 May, 1905, across defendant's street. The usual issues as to negligence, contributory negligence and damage were submitted. The jury found for the plaintiff on all issues. The

Court refused the motion for a new trial and rendered judgment for plaintiff, and defendant appealed.

*E. R. Wooten* and *George V. Cowper* for plaintiff.
*Loftin & Varser* for defendant.

BROWN, J.   We have considered the fifteen exceptions presented in the record in this case, and are of opinion that all of them are without merit.   At the close of the evidence the defendant moved to nonsuit and excepted to the ruling of the Court denying the motion.   Plaintiff's evidence tends to prove that, about 8 o'clock at night, on 4 May, 1905, the plaintiff was returning from her work, on her way home, and was walking on the sidewalk on King Street, in the city of Kinston, when she suddenly fell headforemost into an open ditch four and one-half feet deep and two and one-half feet wide, extending from the middle of the street across the said sidewalk, from which she was rendered unconscious; that there were no lights, warnings, signals or signs at or near or upon the ditch.   This was the usual way which plaintiff returned from her work at night going home.   That she passed the place of injury the morning before she was hurt on the night of 4 May, and there was no ditch or excavation there.   The ditch was dug in order to make a sewer connection from the city's main sewer to certain residences on King Street.   A permit was granted and issued on 4 May, 1905, to cut the ditch across King Street for that purpose.   The work was performed by S. H. Isler, a contractor, who finished digging the ditch and making the connection by 4 P. M. of the same day, and at once, before closing the ditch, verbally notified City Inspector Brown to inspect the connections with the city sewer.   No written notice was given the inspector, who, at the time of the verbal notice, was temporarily ill.   The inspector did not inspect the ditch that day, and it was left open all night, without lights or other protection.

. We do not deem it necessary to notice any matters embraced in the exceptions other than the ruling of his Honor denying the motion to nonsuit, and the seventh exception to that portion of his Honor's charge, as follows: "That the grant of a permit to Isler to make the ditch is notice to the city that the work is in progress, and that thereafter it would be liable for the injuries arising from the negligence of the person doing the work, which is dangerous in itself."

1. The contention of the defendant that it is not liable because the excavation was made across its public street by a contractor who was doing the work for a citizen in order to establish water connection with the city sewer, and that, therefore, the motion to nonsuit should have been allowed, is wholly untenable. To allow such contention would be to relieve the city authorities of one of their most important duties. It is the positive duty of municipal authorities to keep the public streets in a reasonably safe condition, so that the people may pass along them with comparative safety. This duty is not suspended because a private contractor is permitted to open the streets in order to establish water connections with the public sewers. The fact that the contractor may be liable for negligence will not relieve the authorities of the municipality if they are, in law, fixed with knowledge of such negligence.

This is plainly deducible from our own decisions. *Bunch v. Edenton,* 90 N. C., 431; *Russell v. Monroe,* 116 N. C., 720; *Fitzgerald v. Concord,* 140 N. C., 113. In other jurisdictions it has been expressly held that the city is liable for damages to pedestrians for the negligent performance of work in a city for private purposes, under special *permission of the city council,* where there is ordinarily a certain city officer to supervise it, and the city has knowledge that it is in progress on the day in question. *City Council of Augusta v. Cone,* 91 Ga., 714; 17 S. E., 1005; *Wendell v. City of Troy,* 39 Barb., 329. The city is not relieved even if the work is in the hands of an

independent contractor.    *South Bend v. Turner,* 54 L. R. A.,
396; A. and E. Enc. (2d Ed.), Vol. XVI, p. 197, "cases
cited."

We think, therefore, upon the facts in evidence, that the
Court committed no error in overruling the motion to nonsuit.

2. It is further contended that in the part of the charge
hereinbefore recited his Honor substantially instructed the
jury, as matter of law, that the defendant was fixed with
notice of the obstruction or excavation which caused the de-
fendant's injury, and that such instruction is erroneous.    We
concur with appellant in the construction placed upon the
charge excepted to, but we cannot concur in regarding it as
erroneous.    The question of knowledge upon the part of mu-
nicipal authorities of defects in the public streets is usually
one to be determined by the jury, upon the principles so
clearly stated by *Mr. Justice Hoke* in *Fitzgerald v. Concord,
supra.*    But in the case at bar there was nothing in dispute
respecting notice for the jury to determine.    It is admitted
that on the day the excavation was made the defendant issued
its permit authorizing it to be done.    The defendant's authori-
ties were, therefore, expressly charged with knowledge of the
character of the work and its possible dangers to those of the
citizens who should use the street, especially after nightfall, as
the plaintiff happened to do.    A ditch cut across a much used
street in a city is necessarily dangerous, and it is the duty of
the person doing the work to protect it against accident to
those using the street.    The duty of a private person is very
much the same as that of the city itself *when it is prosecuting
an improvement.*    If a private individual fails to protect an
excavation in the street, then it is the duty of the city authori-
ties to see that it is protected, and they are held responsible
that he should do so, for they were *notified* that he is going on
with the work *when he obtains the permit.*    The city is liable
for negligence in failing to exercise supervision and inspec-
tion, if injury results by such excavation made by an indi-
vidual under such permit or license issued by it.    *City of*

*South, Bend et al. v. Bennie Turner,* 54 L. R. A., 396; *District of Columbia v. Henry E. Woodbery,* 136 U. S., 450; 34 L. (Ed.), p. 477; *Bauer v. City of Rochester,* 59 Hun., 616; *Hoyer v. Village of North Tamawabda,* 79 Hun., 39; 29 N. Y. Supp., 650; *City of Baltimore v. O'Donnell,* 53 Md., 110; *City of Chicago v. Johnson,* 53 Ill., 91; *City of Denver v. Aaron,* 6 Colo. App., 232; *Bowen v. City of Huntington,* 135 W. Va., 682; 14 S. E., 217.

Upon a review of the whole record we find

No Error.