## CLEVELAND *v.* KING.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

No. 89. Argued and submitted November 8, 1889. — Decided November 25, 1889.

In Ohio it is the duty of a municipal corporation to keep the streets of the municipality in order; and a person receiving injuries in consequence of its neglect so to do, has a right of action at the common law for the damage caused thereby.

A building permit by municipal authorities authorizing the occupation of part of a public street as a depository for building materials, and requiring proper lights at night to indicate their locality, does not relieve the municipality from the duty of exercising a reasonable diligence to prevent the holders of the permit from occupying the street in such a way as to endanger passers-by in their proper use of it.

The case as stated by the court in its opinion was as follows:

This is an action to recover damages for personal injuries which the defendant in error, who was the plaintiff below, alleges were sustained by him in consequence of the failure of the city of Cleveland, by its officers and servants, to exercise due care in keeping one of its streets in proper and safe condition for use by the public. At the trial, the city objected to the introduction of any evidence in behalf of the plaintiff, on the ground that the petition did not state facts sufficient to constitute a cause of action. The objection was overruled and the defendant excepted. When the evidence for the plaintiff was concluded, the defendant asked a peremptory instruction in its behalf. This motion was denied, and to that ruling of the court an exception was taken. After the whole evidence was closed, and the court had charged the jury, the defendant asked an instruction to the effect that there was not sufficient legal proof of negligence on the part of the city, its officers or agents, to entitle the plaintiff to recover. This request having been denied, an exception was taken to the ruling of the court. The case having been submitted to the jury, a verdict was returned for ten thousand dollars against the city. Upon that verdict a judgment was rendered for the plaintiff.

The petition, after referring to Bank Street as a common public street and highway in the city of Cleveland for the free passage and travel, at all times, of persons on foot and with horses and vehicles, and averring that, under the statutes of Ohio, the duty rested upon the city to cause the street to be kept open, in repair, and free from nuisances, alleged that the defendant, on the 12th day of November, 1879, wrongfully placed, and permitted to be placed, large quantities of dirt, sand, rubbish, stones, boxes and other materials for building purposes in and across said street at or near and before a building owned by one Rosenfeld, and negligently and wrongfully suffered and permitted the same to extend across and occupy more of the street than was reasonable or

necessary, namely, more than one-half of its width, and to remain and continue on the above day and during the night-time of that day, unprotected and unguarded, without a sufficient number of lights, or in such a manner as to be distinctly seen by those using the street. It was further alleged that, in consequence of such carelessness, negligence and improper conduct on the part of the city, the plaintiff, while lawfully passing in a buggy along Bank Street in the night-time, was, by reason of said dirt, sand, rubbish, stones, boxes and other materials in the street, overturned with great force and violently thrown upon the street, whereby, and without fault or negligence upon his part, one of his legs was broken, and he was otherwise permanently injured and disabled.

The answer of the city put in issue all the material averments of the petition, and, in addition, alleged that if the plaintiff was injured, it was due to his own negligence, and not because of any want of care on the part of the defendant.

At the trial the plaintiff was permitted, against the defendant's objection, to read in evidence two sections of certain ordinances of the city relating to the placing in the streets of material for building purposes. They are as follows:

" Sec. 4. No person shall place or cause to be placed on any street, lane, alley or public ground any material for building purposes without the written permission of the board of city improvements. Such permission shall specify the portion of the sidewalk and street to be used and the period of said use, which shall not exceed two months, and in no case shall any person use more than one-half of the sidewalk and half of the street. The council may at any time revoke such license. At the expiration of the permission or on the revocation of it said persons shall remove said material from the street."

" Sec. 14. Whenever any person or persons, whether contractor or proprietor, shall be engaged in the erection or repairing of any building or other structure whatever within the city, and shall cause or permit any building materials, rubbish or other thing to be placed on any public street, lane, alley or sidewalk, or other place in the city where persons pass and re-pass; and whenever any person or persons who shall be en-

gaged in constructing any sewer or laying any gas, water or other pipes or conductors in or through any of the streets, lanes, alleys, highways, sidewalks or other places in the city where persons pass and repass, whether by appointment of the city or its agents, or as contractor, it shall be the duty of all such persons to protect, with a sufficient number of lights, the materials, rubbish, goods, wares and merchandise, heaps, piles, excavation or other things so caused or permitted by them to be or remain in or at any of the places above mentioned, and in such manner as to be distinctly seen by all passers-by, and to continue all such lights from dusk until daylight during every night while any obstructions of the above-mentioned description are allowed to remain in or at such places; and every person who shall neglect the duty imposed by this section shall, in addition to the penalty imposed by this chapter, be liable for all damages to persons and property growing out of such neglect."

He was also permitted against the defendant's objection, to read in evidence two permits given by the city, through its board of improvements, one to E. Rosenfeld, dated July 16, 1879, and the other to Frank Kostering, dated September 19, 1879; each permit authorizing the person named therein to occupy one-half of the sidewalk and one-third in width of the street in front of the premises owned by Rosenfeld, during a period of sixty days from the date of the permit, for the purpose of placing building materials thereon, subject, however, to the provisions of the ordinance requiring that such materials be protected " with a sufficient number of lights, from dusk until daylight, during every day that the same shall remain," and to the condition that the person neglecting that duty should be liable to the penalty imposed by the ordinance, and for all damages to person or property growing out of such neglect.

There was evidence before the jury tending to show that when the plaintiff was passing on Bank Street about seven o'clock in the evening of November 12, 1879, the buggy in which he was riding ran against a mortar-box placed by Kostering in the street, and used by him for purposes of building on Rosenfeld's premises, and was overturned, whereby he was

thrown violently to the street, and seriously and permanently injured in his body. There was also evidence tending to show that the obstructions placed in the street by Kostering were not indicated by lights or signals, so as to give warning to persons passing in vehicles; that a greater width of street was occupied by these building materials than was justified by the permits granted by the board of improvements; and that the failure of the plaintiff and of the person driving the buggy in which he was riding, to see the mortar-box in time to avoid running against it, was not due to any want of care upon the part of either, but to the absence of signals or lights upon the box.

There was evidence on behalf of the city tending to show that the plaintiff and the person with whom he was riding might, with reasonable diligence, have seen the mortar-box before the buggy came in contact with it; also that a proper light was placed on the mortar-box about dark of the evening when the accident in question occurred.

The charge to the jury was very full, covering every possible aspect of the evidence, and sufficiently indicating the legal propositions which, in the judgment of the court below, were applicable to the case.

Among other things, the court said: " The plaintiff had the right to the use of the street, in going from the hotel to the depot, unobstructed and free from danger, but subject, however, to such incidental, temporary or partial obstructions as are necessarily occasioned in the building or repair of houses fronting upon the streets over which he passed; but in using the street he must exercise reasonable and ordinary care to avoid obstructions, if any be found thereon. In the night-time he had the right to suppose, in the absence of signals of danger, that the street was not dangerously obstructed or dangerous to pass over; but in passing over it he must exercise ordinary care and prudence to avoid any dangerous obstructions, both in the observation of obstructions, their locality and character, and the speed used in passing along the street. If any obstructions attracted his attention, he should be more careful to avoid any others that might be in the street and

near the same, or if he knew that there were building materials located in the street in front of a new building, in driving along he must exercise reasonable care to avoid running upon any such obstructions. The city had a right to allow Rosenfeld to use a reasonable part of the street for the purpose of depositing therein building materials with which to erect his building, and the same could rightfully be used by Mr. Kostering, the builder or contractor, for that purpose."

Again: "The principal negligence complained of by the plaintiff is that, being in the night-time, no lights were placed at or near the materials, sufficient to warn him of danger as he passed along the street. Having provided in the permits to Rosenfeld and Kostering, the contractor, that in the night-time sufficient lights should be placed by them at or near materials placed and remaining in the street to warn persons passing along there of dangerous obstructions, the city had a right to suppose such lights were so placed in the night-time. Whilst it was the general duty of the city to keep its streets in safe condition for the use of persons passing over the same, and liable for injuries caused by its neglect or omission to keep them in repair and reasonably safe, yet, in such a case, the basis of the action being negligence, it is not liable for an injury resulting from such negligence unless it had notice or knowledge of the defect that caused the injury before it was sustained: or, in the absence of express or direct notice, such notice or knowledge may be inferred from facts and circumstances showing that such want of proper lights to denote dangerous obstructions existed for a sufficient period of time and in such a public and notorious manner as that the officers representing the city, or those in the employment of the city for the purpose of removing obstructions in the city, in the exercise of ordinary care and diligence, ought to have known of such want of proper guards in the night-time.

"The city is not an insurer of the absolute safety of persons passing along its streets in the night-time. It is only required to exercise ordinary care for such safety, and in judging of what would be ordinary care you are to take into account the great number of streets and their mileage contained in the city. If

the city, or the officers or employés representing it, had such notice or knowledge, direct or implied, as I have stated, then it was its duty to see that proper lights in the night-time were placed at or near the obstructions, such as would be sufficient to warn persons of reasonable and ordinary prudence of the presence of such obstructions, and, failing to do so, it would be liable for injuries resulting from such failure."

*Mr. Allan T. Brinsmade*, for plaintiff in error, submitted on his brief, citing: *Frazer* v. *Lewiston*, 76 Maine, 531; *Hewison* v. *New Haven*, 34 Conn. 136; *Hewison* v. *New Haven*, 37 Conn. 475; *Hill* v. *Boston*, 122 Mass. 344; *Chase* v. *Cleveland*, 44 Ohio St. 505; *Robinson* v. *Greenville*, 42 Ohio St. 625; *Medical College* v. *Cleveland*, 12 Ohio St. 375; *Clark* v. *Fry*, 8 Ohio St. 358; *Allegheny* v. *Zimmerman*, 95 Penn. St. 287; *Everett* v. *Marquette*, 53 Michigan, 450; *St. Paul* v. *Gilfillan*, 36 Minnesota, 298; *Norristown* v. *Fitzpatrick*, 94 Penn. St. 121; *Campbell* v. *Montgomery*, 53 Alabama, 527; *Lafayette* v. *Timberlake*, 88 Indiana, 330; *Altvater* v. *Baltimore*, 31 Maryland, 462; *Sinclair* v. *Baltimore*, 59 Maryland, 592; *Bartlett* v. *Kittery*, 68 Maine, 358; *Farrall* v. *Oldtown*, 69 Maine, 72; *Smyth* v. *Bangor*, 72 Maine, 249; *Joliet* v. *Seward*, 86 Illinois, 402; *Hume* v. *New York City*, 47 N. Y. 639; *Warsaw* v. *Dunlap*, 112 Indiana, 576.

*Mr. E. K. Wilcox*, (with whom was *Mr. Richard Bacon*,) for defendant in error cited: *Campbell* v. *Montgomery*, 53 Alabama, 527; *Barnes* v. *District of Columbia*, 91 U. S. 540; *Medical College* v. *Cleveland*, 12 Ohio St. 375; *Robinson* v. *Greenville*, 42 Ohio St. 625; *Cardington* v. *Fredericks*, 46 Ohio St. (not yet reported); *Boucher* v. *New Haven*, 40 Connecticut, 456; *Reed* v. *Northfield*, 13 Pick. 94; *Manchester* v. *Hartford*, 30 Connecticut, 118; *Storrs* v. *Utica*, 17 N. Y. 104; *Buffalo* v. *Holloway*, 3 Selden (7 N. Y.) 493; *Baltimore* v. *O'Donnell*, 53 Maryland, 110; *Detroit* v. *Corey*, 9 Michigan, 164; *Child* v. *Boston*, 4 Allen, 41.

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

By section 2640 of the Revised Statutes of Ohio, Title, Municipal Corporations, it is provided that "the council shall have the care, supervision and control of all public highways, streets, avenues, alleys, sidewalks, public grounds and bridges within the corporation, and shall cause the same to be kept open and in repair, and free from nuisance." 1 Rev. Stats. Ohio, Title XII, Div. 8, c. 13, Giauque's ed. 600.

The city concedes that, if there was any liability at all on its part, the charge of the court correctly announced the principles of law applicable to the case. If the obstruction in question was on Bank Street unnecessarily, or for an unreasonable length of time, or was there without proper lights or other guards to indicate its locality, and such condition of the street at the time the plaintiff was injured existed with the knowledge of the city, either actual or constructive, for a sufficient length of time to remedy it by the exercise of proper diligence, the liability of the city cannot be doubted, in view of the decisions of the Supreme Court of Ohio and of this court; unless, as contended by the defendant, the plaintiff, notwithstanding the negligence of the city in not keeping the street open and free from nuisance, could, by due care, have avoided the injuries he received.

In the case of *Cardington* v. *Fredericks*, which will appear in 46 Ohio St., the Supreme Court of Ohio construed the above section in connection with section 5144, which, among other things, provides that an action for a nuisance shall abate by the death of either party. That was an action against an incorporated village founded upon a petition alleging that a street used by the public was so unskilfully and negligently constructed and left by the defendant as to be in an unsafe condition, and allowed to become out of repair and obstructed by the rubbish and refuse of the village, so that it was highly dangerous; and that the plaintiff, while lawfully passing along the street, accidentally, and without fault on her part, was precipitated down an embankment, whereby she was greatly bruised and injured.

The court held the action to be one for a nuisance, and, in harmony with the principles announced upon this general

subject in *Barnes* v. *District of Columbia*, 91 U. S. 540, 547, said: "The statute (§ 2640, Rev. Stats.) gives to municipal corporations the care, supervision and control of all public highways, etc., and requires that the same shall be kept open, and in repair, and free from nuisance. In effect it is a requirement that the corporation shall prevent all nuisances therein; and by allowing a street to become so out of repair as to be dangerous, the corporation itself maintains a nuisance, and a suit to recover for injuries thereby occasioned is for damage arising from a nuisance or 'for a nuisance.' The statute does not give a remedy, it but enjoins the duty. And when a duty to keep streets in repair is enjoined on municipal corporations, either by a statute in the form now in force or by a provision which authorizes them to pass ordinances for regulating streets and keeping them in repair, and gives power to levy taxes for that purpose, and presumably to obtain a fund for satisfying claims for damages, a right of action for damages caused by such neglect arises by the common law."

This language leaves no room to doubt the liability of the city of Cleveland for the damages sustained by the plaintiff if it was guilty of the negligence charged in the petition, and if the plaintiff was not himself guilty of negligence that materially contributed to his injury. The fact that the permits to Rosenfeld and Kostering only authorized them to occupy one-half of the street for the purpose of depositing building materials thereon, and required them to indicate the locality of such materials by proper lights, during the whole of every night that they were left in the street, did not relieve the city of the duty of exercising such reasonable diligence as the circumstances required, to prevent the street from being occupied by those parties in such a way as to endanger passers-by in their use of it in all proper ways. Whether that degree of diligence was exercised by the city, through its agents; whether its officers had such notice or knowledge of the use of Bank Street, in the locality mentioned, by the parties to whom the above permits were granted, as was inconsistent with the safety of passers-by using it with due diligence; whether, in fact, the materials and obstructions placed by Kostering on the

street were sufficiently indicated by signal lights or otherwise, during the night-time ; and whether the plaintiff was himself guilty of such negligence as contributed to his injury, were questions fairly submitted to the jury, and are not open for consideration in this court.

The objection that the petition did not state facts constituting a good cause of action, is not well taken.   The allegations were broad enough to admit proof of such knowledge or notice upon the part of the city of the condition of Bank Street as would fix its liability to the plaintiff.  If the defendant desired a fuller statement of the cause of action, the proper course was to indicate its wishes by a motion to require the plaintiff to make more specific his allegations as to negligence.

The motion to exclude all evidence upon the part of the plaintiff and the motion for a verdict in behalf of the defendant were properly denied.  The question of negligence, in all of its aspects, was peculiarly for the jury.

*As no error of law was committed at the trial, the judgment is affirmed.*