*In re* APPLICATION OF SCHOOL COMMITTEE OF NORTH SMITH-
FIELD.

PROVIDENCE—MAY 16, 1904.

PRESENT: Stiness, C. J., Tillinghast, Douglas, Blodgett, and Johnson, JJ.

(1)  *Constitutional Law.   School Districts.   Due Process of Law.*

Pub. Laws R. I. cap. 1101, abolishing all school districts on and after January 1, 1904, and vesting the title in all of the school-houses, land, furniture, and other property which was vested in the district, in the town in which the district was located, and providing for the appraisal of such property, is not in violation of the constitutional prohibition against the deprivation of property without due process of law, since the law affects no private right of property, but is a mere transfer of public property from one quasi public corporation to another.

(2)  *Constitutional Law.   Impairing Obligation of Contracts.*

School districts and towns in providing for education are under the control of the legislature, performing duties required by law and not imposed by contract; hence such act is not unconstitutional as one impairing the obligation of a contract.

(3)  *Constitutional Law.   Duty to Promote Education.*

The provisions of the act are within the broad power conferred upon the legislature by Cons. R. I. Art. XII, making it "the duty of the general assembly to promote public schools and to adopt all means which they deem necessary and proper to secure to the people the advantages and opportunities of education."

(4)  *Constitutional Law.   Burdens of State to be Fairly Distributed.*

Neither is the act in violation of Cons. R. I. Art. I, § 2, which declares that the burdens of the State ought to be fairly distributed among its citizens.

APPLICATION, under Pub. Laws cap. 1101, for appointment

of commission to appraise the property of school districts. Heard on objections to proceedings on constitutional question. Objections overruled.

Stiness, C. J.  This is an application, under Pub. Laws cap. 1101, for the appointment of a commission to appraise the property of school districts in the town of North Smithfield, which, under said act abolishing school districts, had vested in the town.

(1)    A taxpayer and trustee of one of the school districts objects to the proceeding, claiming that the act is unconstitutional, upon the grounds:  (1) that the act deprives a citizen of his property without the judgment of his peers or due process of law;  (2) that it impairs the obligation of contracts;  (3) that it vests the property of school districts in the town without the consent of the town;  (4) that it makes no provision for a jury to pass upon or appraise the value of the property owned by citizens of the school districts and transferred to the town.

It is a sufficient answer to the first objection that the prohibition of the constitution applies only to the taking of private property for public use and the act in question takes no property of the objector or of any other individual.  School districts and towns are corporations for public purposes.  Tax payers have no private title or interest in the property held by such corporations.  That public property may be taken for public use is too obvious for argument.  In fact, however, the law in question takes no property at all, in the sense in which the term is used in the condemnation of property to public use.  It is already school property.  It is to be devoted to no new use.  The custody, control, and nominal title of the property is transferred from the school district to the town, for the same public use.  The law, therefore, affects no private right of property.

(2)    The other objections, that the law impairs the obligation of a contract; that it vests the property in the town without its consent; and that it does not provide for a jury trial, may be considered together.

The duties of a school district are obligations imposed, not

a contract. Districts and towns undertake to provide for the education of children, not by force of any agreement, but as a duty required of them by law, like the duty to keep highways in repair. The extent, control, and change of this duty is under the direction of the legislature. The consent of the municipal corporation is not required.

As said by Mr. Justice Clifford in *Mount Pleasant* v. *Beckwith*, 100 U. S. (10 Otto) 514: "Power exists here in the legislature, not only to fix the boundaries of such a municipality when incorporated, but to enlarge or diminish the same subsequently, without the consent of the residents, by annexation or set-off, unless restrained by the constitution, even against the remonstrance of every property holder and voter within the limits of the original municipality. Property set off or anexed may be benefited or burdened by the change, and the liability of the residents to taxation may be increased or diminished; but the question, in every case, is entirely within the control of the legislature, and, if no provision is made, every one must submit to the will of the State, as expressed through the legislative department."

In *Barnes* v. *Columbia*, 91 U. S. (1 Otto) 540, the court said, through Mr. Justice Hunt: "A distinction is to be noted between the liability of a municipal corporation, made such by acceptance of a village or city charter, and the involuntary *quasi* corporations known as counties, towns, school-districts, and especially the townships of New England. . . . "The latter are auxiliaries of the State merely, and, when corporations, are of the very lowest grade, and invested with the smallest amount of power."

Although this last decision was only by a majority of the Supreme Court of the United States, it has since been decided in unanimous decisions without disapproval, *Brown* v. *Columbia*, 127 U. S. 579; *Metropolitan R. R. Co.* v. *Columbia*, 132 U. S. 1; *Cleveland* v. *King*, 132 U. S. 295; and in *Columbia* v. *Woodbury*, 136 U. S. 450, it was said that the Barnes case had never been subsequently questioned by any decision of the court, and it was unanimously affirmed.

In *Rawson* v. *Spencer*, 113 Mass. 40, the constitutionality

of a statute, almost identical with the one before us in its main provision, was fully considered. In that case the town gave implied assent by appointing appraisers, but assent was not necessary, as the statute was peremptory and made no provision for assent. The court held that the statute was not unconstitutional upon the grounds that district property was taken without compensation; that the taxes to be imposed were not proportional, or that the act impaired the obligation of contracts. . The decision was based upon the principle that the law was a legitimate exercise of the power by which the legislature may require the performance of public duties by different municipal or political agencies at its discretion. The court said: "School districts were indeed *quasi* corporations with the power to hold property, to raise money by taxation for the support of schools, and with certain defined duties. But they were public and political as distinguished from private corporations, and their rights and powers were held at the will of the legislature, to be modified or abolished as public welfare might require. The property held by them for public use was subject to such disposition in the promotion of the objects for which it was held as the supreme legislative power might see fit to make."

(3)   If anything were needed in support of the statute beyond the force of such plain statements, it is to be found in article XII of the constitution of this State, which makes it "the duty of the general assembly to promote public schools, and to adopt all means which they may deem necessary and proper to secure to the people the advantages and opportunities of education."

The statute in question is clearly within the broad power thus conferred upon the legislature. It takes no private property; it impairs the obligation of no contract; it devotes no public property to a different use. It simply changes the administration of the duty of education in towns.

(4)   As stated in *Petition of Town of Cranston*, 18 R. I. 417, the provisions for taxation and remission are not for the purposes of compensation, in the strict sense of the term, as when private

property is taken, but rather an attempted equalization between the different classes of taxpayers.

To the same effect is the statement in *Rawson* v. *Spencer*, *supra*, that the right here exercised is quite distinct from the taking of private property and requires no compensation.

In the Cranston case we held that the act was not in violation of article 1, section 2, of the constitution of this State, which declares that the burdens of the State ought to be fairly distributed among its citizens.

We are of opinion that the act is not unconstitutional, and the case is remitted to the Common Pleas Division for further proceedings.

*Casey & Maroney*, for petitioners.

*Marquis D. L. Mowry*, for himself, respondent.