Robinson, J.
 

 It seems to be well settled that an action of negligence against a municipality may not be grounded upon the issuance of a permit by the municipality to persons, or organizations, to explode fireworks, nor can the municipality be held for an action of negligence grounded upon the failure of the municipality to supervise or regulate such exhibition; both the issuing of such permit and the regulation of the exhibition being police regulations and governmental in character.
 
 Robinson
 
 v.
 
 Greenville,
 
 42 Ohio St., 625, 51 Am. Rep., 857.
 

 The petition, if it states any ground upon which an action of negligence against the city may be based, states it in the allegation “in failing to * remove the explosive that was left on the ground and later picked up by the minor aforementioned, ’ ’ taken in connection with the allegation “that defendants did know that said explosive had been left in said park unexploded, or could have known of the same by the exercise of ordinary care, and did know, or could have known, of its dangerous
 
 *210
 
 character by the exercise of * * * ordinary care.”
 

 There may be some question whether the allegation, “that next morning the said plaintiff * * * went as usual through said park where said fireworks were exhibited and near thereto, and * * * found a piece of explosive, which he picked up and * * * lighted, * * * which immediately exploded and injured * * * this plaintiff,” does not show upon the face of the petition such facts as to preclude any theory of constructive notice to the municipality, and thereby make that particular allegation demurrable, but the averment “that defendants did know” precludes the sustaining of the demurrer upon that ground.
 

 That the presence of an unguarded, unexploded bomb in a public park, where children are invited to come, is in itself an intolerable nuisance, is so self-evident that argument can but echo the statement. v
 

 Section 3714, General Code, imposes upon municipalities the duty to keep the public grounds free from nuisance. Municipally owned and controlled parks, established and maintained for and open to the general public, and to which the general public are invited to come, are, in the fullest sense, public grounds, and come within the provisions of that section of the General Code, and the liability of the municipality for failure to discharge the duty thereby imposed is the same as its liability in that respect with reference to its streets, alleys, and sidewalks.
 

 The demurrer to the petition, upon the ground therein stated, was therefore not well taken.
 

 
 *211
 
 An attempt is made in this court to raise for the first time the question of misjoinder of parties defendant, and, as a justification therefor, the statement is made in the brief of the plaintiff in error that “this right has not yet been waived, as no answer has been necessary.” It would in all probability hasten the period when this litigation shall finally terminate if this court were to consider and determine that question, but we know of no provision of the Constitution clothing this court with original jurisdiction to determine questions of this character, and are not disposed to arbitrarily assume such jurisdiction.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day, Allen and Kinkade, JJ., concur.