Matthias, J.
 

 The asserted liability of the city is based upon its alleged failure to perform the duty imposed upon it by the provisions of Section 3714, General Code, wherein it is charged with “the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation” and required to “cause them to be kept open, in repair, and free from nuisance.”
 

 It has been recently held by this court that municipal parks, open to the general public, are public grounds within the meaning of that phrase of the statute, and that the duty is thereby imposed of keeping them free from nuisance.
 
 City of Cleveland
 
 v.
 
 Ferrando,
 
 114 Ohio St., 207, 150 N. E., 747.
 

 
 *39
 
 The record discloses that the conditions complained of had existed for several years, and the question is therefore squarely before us whether the provisions of this statute apply to such a situation as is here presented. Ravine park is an uninclosed tract of land, wholly unimproved, the natural banks of which are 30 feet or more in height. Duck creek is in the center of this ravine. Three railroads cross the ravine, and the record discloses that at some time a culvert six or seven feet in diameter was constructed, and from this culvert a ditch was dug, and a row of tile of about two and one-half feet in diameter had been put underneath the tracks of the Terminal Railroad for drainage purposes, but that some years ago the same became clogged, and, during the rainy season, water would accumulate and remain. While this tract was denominated a public park in that it was public ground belonging to the city, it was not in any wise improved, and no amusements or attractions of any sort were provided 'or maintained, and no provision whatever had been made for using this pond as a swimming pool. The boys of that vicinity having the instincts and inclinations of boys generally waded and swam in this pond, and upon at least one previous occasion George Cummings was with other boys in this water. The record discloses that on the day in question the older boys were out in the center of the pond, some of them diving from the top of the drain, a height of six or eight feet above the water. All were in bathing suits, and some of them were on a raft out in the deeper portion of the pond. The evidence was in conflict as to the knowledge of the decedent regarding the depth of the water, but the record shows
 
 *40
 
 that he swam some, and that he had theretofore crossed that portion of the pond.
 

 In the consideration of the question presented as to the duty and liability of a municipality under the conditions disclosed by the record we deem the cause of the accumulation or retention of this body of water to be immaterial. Within the boundaries of many cities are bodies of water — ponds, lakes, and running streams. Toledo is no exception, and within the boundaries of its park system are creeks, rivers, and lakes. Many cities procure their water supply from streams by erecting retaining dams which materially increase the depth of the water, and in some instances purchase the land on either side for park purposes. A very serious extension of liability on the part of the municipality would be involved if it were to be held that every pond or lake or stream must be abated, or that guards must be provided to patrol the vicinity of every such body of water, or fences or walls or barricades be erected to prevent persons from entering them. Boys have a natural inclination to climb trees, but certainly no one would contend that the trees in public parks are a nuisance which must be abated, or that guards must be maintained to restrain children from climbing into them, or that the municipality may be held to respond in damages for an injury sustained by a fall from a branch of any such tree, even though it be defective. We would have an entirely different situation, if the city, acting in its proprietary capacity, were maintaining a bathing beach and extended an invitation expressly or impliedly to enter the waters of the lake or stream under its control and supervision.
 

 In our opinion the common pleas court did not err
 
 *41
 
 in directing a verdict. The judgment of the Court of Appeals is reversed, and that of the common pleas is affirmed.
 

 Judgment reversed; common pleas court affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Day and Allen, JJ., concur.