### GEORGE WASHINGTON INN, Inc., v. CONSOLIDATED ENGINEERING CO., Inc., et al.

#### No. 6193.

United States Court of Appeals for the District of Columbia.

Argued Dec. 3, 1934.

Decided Jan. 28, 1935.

Alvin L. Newmyer and David G. Bress, both of Washington, D. C., for appellant.

John Philip Hill, Francis W. Hill, Jr., E. Barrett Prettyman, Robert E. Lynch, and Vernon E. West, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This appeal by the George Washington Inn, Inc., is from a judgment of the Supreme Court of the District of Columbia for the Consolidated Engineering Company, Inc., and the District of Columbia, as defendants in an action for damages.

The declaration in two counts charged maintenance of a nuisance; both defendants demurred; the demurrers were sustained; and the plaintiff electing to stand on its declaration, judgment was entered against it.

The declaration alleges that in March, 1931, and for a long time prior thereto, plaintiff was in the hotel business at New Jersey avenue and C Street Southeast, in the city of Washington.

That this location is one block south of the United States Capitol, that it was widely advertised as such, and the company had thereby built up a large patronage from members of Congress, employees of the Capitol, tourists, and visitors to the city.

That such guests were obliged to use the streets and sidewalks adjacent to the hotel, particularly New Jersey avenue between B and C streets, South Capitol street between B and C streets, and C street between New Jersey avenue and South Capitol street. These streets made three sides of the square immediately north of plaintiff's hotel, and intervening between the hotel and the Capitol building, and are the streets naturally and conveniently used between the hotel, the Capitol, Pennsylvania avenue, and other main thoroughfares.

The declaration alleges the duty of the District of Columbia to the public in general and abutting property owners in particular to keep the public streets as free from obstruction and nuisance as possible, and to prevent others from improperly using or obstructing them.

The declaration further alleges that in disregard of such duty the District of Columbia issued to the defendant company a certain permit, inspection of which has been continuously denied to the plaintiff, but alleged by the corporation defendant to authorize it to close and obstruct said streets and sidewalks during its performance of certain construction work.

The work in question was the erection of an annex to the office building of the House of Representatives on the square north of plaintiff's hotel, and the plaintiff alleges that the closing of the streets was not necessary for the work and was continued for an unreasonably long time, the public in general and the plaintiff in particular being thereby prevented from using said streets, the District of Columbia permitting and acquiescing therein.

And finally that the defendants entirely closed the aforesaid portions of New Jersey avenue and South Capitol street, and partially closed said portion of C street when the circumstances did not so require, to the special and peculiar damage of the plaintiff.

The demurrer of the District of Columbia contends that the declaration pleads conclusions of law; that it does not set forth facts to constitute a cause of action; that the granting of the permit during the construction of a United States government building is a governmental function for which the District of Columbia is not answerable in damages; that it is authorized to temporarily close any street or any portion thereof when in its opinion public safety and convenience require it; and that the proximate cause of the injury, if any, was due to its codefendant and not to the District.

And the codefendant by its demurrer asserts its right to act upon the permit of the District of Columbia; that there is no allegation of negligence in its construction of the permitted obstructions to the streets; that no special damage is alleged; that a municipality is not liable for a defect in a plan for a municipal improvement; and that a contractor making such an improvement in pursuance of such a plan is not liable in damages.

But we are of opinion that the declaration does not state conclusions of law, and that if it set out the case more fully in de-

tail, it would be open to objection as pleading evidence.

As we have heretofore said, "Where the municipality, in its attempts to perform a governmental function, so performs as to commit a nuisance from which an adjacent landowner is damaged in the enjoyment of his ownership, he may have an action for damages." District of Columbia v. Totten, 55 App. D. C. 312, 5 F.(2d) 374, 376, 40 A. L. R. 1461; Palmer v. District of Columbia, 26 App. D. C. 31, 1 L. R. A. (N. S.) 878; Roth v. District of Columbia, 16 App. D. C. 323."

In Northern Transportation Co. v. Chicago, 99 U. S. 635, 643, 25 L. Ed. 336, a steamship company sought damages against the city of Chicago for obstructing access to its property by a coffer dam in the river on one side and obstructions in the street on another while building a tunnel.

In affirming a judgment for the city, the Supreme Court said of the coffer dam: "We cannot doubt that it was lawfully placed where it was, and having thus been, that the city is not responsible in damages for having erected and maintained it while discharging the duty imposed by the legislature, the obstruction not having been permanent or unreasonably prolonged."

But in the case here the declaration charges in the first count that the obstruction was permitted "beyond what was reasonably necessary," and in the second count that the circumstances of the case did not require it, but that the closing was unnecessary and arbitrary.

In short, this declaration alleges that for convenience of the contractor in doing work upon a building he closed public streets adjacent thereto, and that the municipality permitted this to be done, unnecessarily and for an unreasonable length of time, in effect permitting the exclusive use of public streets by a private contractor engaged in the construction for his own profit of a building ultimately destined to the public use.

In a somewhat similar case the Supreme Court said: "The general doctrine is correctly stated in Dillon on Municipal Corporations: '* * * An abutting owner's right of access to and from the street, subject only to legitimate public regulation, is as much his property as his right to the soil within his boundary lines. * * * When he is deprived of such right of access, or of any other easement connected with the use and enjoyment of his property, other than by the exercise of legitimate public regulation, he is deprived of his property.'" Donovan v. Pennsylvania Co., 199 U. S. 302, 26 S. Ct. 91, 98, 50 L. Ed. 192.

And in further discussion of the subject, Dr. Dillon says: The question whether an obstruction in a street is necessary and reasonable is generally a question of fact to be determined by the court or jury from evidence relating thereto.

"* * * Similar considerations determine the lawfulness of temporary obstructions of city streets by building materials, or in connection with the improvement of the street itself, or for the purpose of constructing a public improvement or work therein. The temporary and necessary obstruction of public travel for these purposes is justified. But the obstruction must be reasonably necessary, due precautions to avoid injury to travelers must be taken, and the obstruction must not continue for an unreasonable length of time." Dillon on Municipal Corporations, vol. III, par. 1169, 1170 (5th Ed.).

In this case no ordinance is relied upon, but merely a particular permit which the plaintiff alleges he has not been permitted to see. The question of its authority and effect to relieve the corporation defendant of liability must await its proper pleading by way of defense.

For the foregoing reasons, we are of opinion that the declaration was good against the demurrers, which should have been overruled. Cleveland v. King, 132 U. S. 295, 10 S. Ct. 90, 33 L. Ed. 334; Barnes v. District of Columbia, 91 U. S. 540, 547, 23 L. Ed. 440; Chicago v. Robbins, 2 Black (67 U. S.) 418, 17 L. Ed. 298; St. Paul & P. R. R. Co. v. Schurmeier, 7 Wall. (74 U. S.) 272, 19 L. Ed. 74; Gassenheimer v. District of Columbia, 25 App. D. C. 179; Mallory v. Griffey, 85 Pa. 275; Wood v. Mears, 12 Ind. 516, 74 Am. Dec. 222; Flynn v. Taylor, 127 N. Y. 596, 28 N. E. 418, 14 L. R. A. 556; Smith v. McDowell ex rel. Hall, 148 Ill. 51, 35 N. E. 141, 22 L. R. A. 393; Senhenn v. Evansville, 140 Ind. 675, 40 N. E. 69; Frick v. Kansas City, 117 Mo. App. 488, 93 S. W. 351; Costello v. State, 108 Ala. 45, 18 So. 820, 35 L. R. A. 303; Hatfield v. Straus, 189 N. Y. 208, 82 N. E. 172; Sinclair v. Mayor, etc., of City of Baltimore, 59 Md. 592.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

**Reversed.**