Hart, J.,
 

 concurring. I concur in the first and second paragraphs of the syllabus but dissent from the third paragraph on authority of
 
 City of Cleveland
 
 v.
 
 Ferrando, a Minor,
 
 114 Ohio St., 207, 150 N. E., 747;
 
 Gottesman, Admr.,
 
 v.
 
 City of Cleveland,
 
 142 Ohio St., 410, 52 N. E. (2d), 644;
 
 Gaines
 
 v.
 
 Village of Wyoming,
 
 147 Ohio St., 491, 72 N. E. (2d), 369, and
 
 City of Cleveland
 
 v.
 
 King
 
 (Ohio), 132 U. S., 295, 33 L. Ed., 334, 10 S. Ct., 90. I distinguish
 
 City of Wooster
 
 v.
 
 Arbenz,
 
 116 Ohio St., 281, 156 N. E., 210, wherein the city of Wooster was charged with an act of negligence, not with a nuisance as in the instant case, governed by Section 3714, General Code.
 

 However, I concur in the judgment on the ground that the plaintiff violated the assured-clear-distance-ahead statute, Section 6307-21, General Code, by driving his automobile into an observable cloud of steam
 
 *418
 
 which enveloped and rendered invisible a truck with which he collided, and thereby became chargeable with contributory negligence as a matter of law.
 
 Gumley, Admr.,
 
 v.
 
 Cowman,
 
 129 Ohio St., 36, 193 N. E., 627;
 
 Skinner
 
 v.
 
 Penna. Rd. Co.,
 
 127 Ohio St., 69, 186 N. E., 722;
 
 Greenland
 
 v.
 
 City of Des Moines,
 
 206 Ia., 1298, 221 N. W., 953;
 
 Elrich
 
 v.
 
 Schwaderer,
 
 251 Mich., 33, 230 N. W., 902;
 
 Bowmaster
 
 v.
 
 Wm. H. DePree Co.,
 
 252 Mich., 505, 233 N. W., 395;
 
 Perkins
 
 v.
 
 Great Central Transport Corp.,
 
 262 Mich., 616, 247 N. W., 759;
 
 Mason
 
 v.
 
 C. Lewis Lavine, Inc.,
 
 302 Pa., 472, 153 A., 754.