Matthias, J.
The taking of the case from the jury by the trial court upon the making of consecutive motions by counsel for both parties was urged as error, but such claim was abandoned upon the announcement by this court of its decision in Carter-Jones Lumber Co. v. Eblen, 167 Ohio St., 189, 147 N. E. (2d), 486. The Court of Appeals found that the trial court properly overruled the defendant’s motion for a directed verdict. We will now proceed to a consideration of that finding.
The determinative issue here is whether a municipal corporation, which maintains a public dump for the use and benefit of the residents of the municipality, is liable to a user of such dump for injuries resulting from the explosion of a hand grenade which had been deposited on said dump by some unknown person.
Tort liability of a municipal corporation arising from the performance of one of its functions is dependent upon the nature of the function. It may generally be said that a municipality is liable to the same degree as private individuals for injuries *205 arising from negligence in the performance of its proprietary functions, whereas in the performance of its governmental functions, in the absence of some statutory provision creating liability, a municipality is not liable for injuries arising from negligence.
Since there is evidence in the record that the defendant, through a contract with a scavenging company, received certain revenues from the operation of its dump, which might give rise to the argument that the operation was proprietary rather than governmental, and since negligence is not only the basis for recovery for injuries received while a city is acting in a proprietary capacity but may also be the basis of nuisance under Section 723.01, Devised Code, we will first consider the question of negligence.
The plaintiff contends that defendant should have anticipated that sometime someone would place an explosive or other dangerous substance on the dump, if preventive measures were not adopted, so that there was a duty on the city to provide some system of inspection to forestall such danger. In other words, under plaintiff’s theory, the city would have the duty to inspect each load of rubbish which is brought to the dump. The mere statement of the proposition is sufficient to indicate the im-, practicability of imposing such a duty on the city. Keeping in mind that the purpose of a dump is for the deposit of rubbish by the truckload, an impossible situation would be created if such a duty was imposed. The problem of determining just how far such inspection should extend would create an even greater problem. Let us apply the proposed rule to the instant case.
From the record herein, it appears that the grenades were brought to the dump in the drawer of a dresser, and there is no evidence as to whether this dresser was brought to the dump as a part of a large load of rubbish or as merely a single item. If we assume that it was placed on the dump as a single item and also assume a duty to inspect, just how far would this duty of inspection extend? In the instant case all that the inspector would have seen was a dresser, an item harmless in itself. Would he have sufficiently fulfilled his duty by seeing it and passing it or would he have the further duty of looking into the *206 drawers? If we assume that he should have looked into the drawers, all he would have seen were what were apparently mailing tubes, again items harmless in themselves. Did the inspector then have the duty of taking such tubes out of the drawers to examine them to see that they did not contain explosives?
It is obvious from the above that it would be impossible to impose such a duty of inspection on the city, and the city therefore was not negligent in failing to inspect.
In other words, there is no duty imposed upon a municipal corporation in the operation of a public dump to inspect the rubbish placed thereon to prevent the dumping of materials which might be harmful to subsequent users of the dump.
Having determined that the city was not guilty of negligence in the instant case, we now come to a consideration of whether plaintiff has a right to recover on the basis of nuisance under the provisions of Section 723.01, Revised Code, which reads as follows:
“Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
Assuming for the purpose of this ease, but not deciding, that a dump is “public grounds” within the meaning of this section, has the plaintiff established his right to recover thereunder?
One of the basic and indispensable requirements to hold a city liable under this section is proof of actual or constructive notice of the existence of the condition causing the injury for a sufficient length of time to remedy the condition.
There is no contention in this case that the city had actual notice of the presence of the grenade on the dump. Therefore, the question left for our determination is whether the city may be charged with constructive notice of the presence of the grenade.
To impute constructive notice to a city of a nuisance for which it is liable under the provisions of Section 723.01, Revised *207 Code, it must appear that such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger or an invasion of private rights. Village of Leipsic v. Gerdeman, 68 Ohio St., 1, 67 N. E., 87; City of Fremont v. Dunlap, 69 Ohio St., 286, 69 N. E., 561; and Bello v. City of Cleveland, 106 Ohio St., 94, 138 N. E., 526.
Applying the above test to the instant case, we find that there is neither evidence that the grenade in question was ever in a place where it could have been seen, even if an inspection had been made, nor evidence that it was on the dump for a sufficient length of time to charge the city with knowledge of its presence, assuming that it could have been seen. Furthermore, since the evidence is clear that the grenades were enclosed in containers which had the appearance of mailing tubes, it is very problematical that any realization of a potential danger would have been created even assuming such tubes had been seen. Thus, it is clear that the city cannot be charged with constructive notice.
We note that the plaintiff cites in support of his argument the case of City of Cleveland v. Ferrando, a Minor, 114 Ohio St., 207, 150 N. E., 747. In that case the city issued a permit to an organization to have a fireworks display in a city park. The morning after the display the plaintiff, a minor of tender years, went to the park, found an unexploded fireworks bomb, lit it and was injured. That case is completely different from the instant case in that when the city there issued the permit it had actual notice that fireworks were going to be placed in the park, and at least constructive notice that possibly some might be left there after the display.
To summarize, the plaintiff here can neither recover on the basis of negligence, since the city had no duty to inspect rubbish placed on the dump, nor may he recover on the basis of a violation of Section 723.01, Revised Code, since he has failed not only to prove negligence on the part of the city but has also failed to prove notice to the city, either actual or constructive, of the presence of the grenade. Under such circumstances the trial court should have directed a verdict in favor of defendant.
*208 The judgment of the Court of Appeals is, therefore, modified and final judgment rendered for the defendant.

Judgment accordingly.

Weygandt, C. J., Zimmerman, Stewart, Taet, Bell and Herbert, JJ., concur.